IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

DAVID W. COSGRAY,

    Petitioner,

v.                                                                  No. 25-cv-197-KWR-JFR

STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on David W. Cosgray's *pro se* Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, (Doc. 4) (Petition).  Petitioner challenges his state convictions for: possession of explosives or incendiary device; dangerous use of explosives; aggravated stalking; and receipt, transportation, or possession of a firearm or destructive device. Petitioner has also filed a Motion to Proceed in Forma Pauperis (Doc. 5) and Motion to Appoint Counsel (Doc. 8).  Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will deny the Motion to Proceed in Forma Pauperis and Motion to Appoint Counsel, and will require Petitioner to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

## BACKGROUND[1]

On June 26, 2024, Petitioner was convicted, pursuant to a guilty plea, of the offenses of: three counts of possession of explosives or incendiary device; two counts of dangerous use of

---

[1] The background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-503-CR-2023-00340.  The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

explosives; aggravated stalking; and receipt, transportation, or possession of a firearm or destructive device. *See* Judgment and Sentence, filed in Case No. D-503-CR-2023-00340. Petitioner was sentenced to a term of thirteen years imprisonment. *Id.* On April 16, 2025, Petitioner filed a state habeas petition in Case No. D-503-CR-2023-00340. On June 3, 2025, the state court entered an Amended Judgment and Sentence, clarifying that Petitioner shall serve eight years of his sentence in the custody of the New Mexico Department of Corrections, with the remainder of his sentence suspended. *See* Amended Judgment and Sentence, filed in Case No. D-503-CR-2023-00340. On June 4, 2025, Petitioner withdrew his state habeas petition. *See* Notice of Withdrawal of Petition, filed in Case No. D-503-CR-2023-00340.

In his Petition, Petitioner challenges the Amended Judgment and Sentence and the underlying plea agreement. *See* (Doc. 4).

## **DISCUSSION**

Habeas Corpus Rule 4 requires *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC). "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such

2

process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition and associated state dockets reflect that Petitioner did not present his federal claims to the NMSC. Under each ground for relief, Petitioner checked "no" in response to many of the questions regarding exhaustion. (Doc. 4) at 2-6. The New Mexico State Courts' re:SearchNM website, which tracks all New Mexico trial court and appellate filings, confirms Petitioner's failure to exhaust. *See* https://researchnm.tylerhost.net/CourtRecordsSearch/, site last visited April 30, 2026. The state criminal docket reflects that Petitioner has not initiated any appellate proceeding before the NMSC regarding this case. *See* Docket Sheet in Case No. D-503-CR-2023-00340.

For these reasons, the Court will require Petitioner to show cause why his § 2254 Petition should not be dismissed without prejudice for failing to exhaust state remedies. If Petitioner seeks to stay the proceeding, he must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (holding the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which applies to mixed petitions – may also be relevant where there is a total failure to exhaust). The show-cause response is due within thirty (30) days of entry of this ruling. If Petitioner concedes the failure to exhaust, he need not respond to this ruling. The failure to timely respond and overcome the exhaustion requirement may result in dismissal of the Petition without prejudice to refiling after the state exhaustion process is complete.

## MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL

Petitioner filed a document including a print-out of his inmate account statement, which the Court construes as a motion to proceed *in forma pauperis*. (Doc. 5) ("IFP Motion"). The Court may only grant such relief where an inmate's "affidavit [and] … statement of … assets [demonstrates] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Petitioner's account statement reflects that he can afford to prepay the $5.00 habeas filing fee, so the Court must deny the IFP Motion. *See* (Doc. 5) at 2-4. Petitioner shall pay the $5.00 habeas filing fee within thirty (30) days of entry of this order.[2] The failure to timely comply with both directives, *i.e.*, respond and overcome the exhaustion requirement and pay the filing fee, may result in dismissal of the Petition without further notice.

Petitioner also filed a Motion to Appoint Counsel. (Doc. 8). There is no constitutional right to counsel in a habeas proceeding. *See Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is held, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering these factors, the Court is not persuaded that habeas counsel should be appointed.

---

[2] It appears Petitioner attempted to pay the filing fee by submitting a check for $25.00 on September 29, 2025. The Clerk's Office returned the check to Petitioner because it was not for the correct amount. Petitioner must pay only the $5.00 habeas filing fee for this case – any additional amounts for other cases will not be accepted if combined with the fee for this case.

The Petition appears to raise cogent § 2254 claims and it appears Petitioner is capable of prosecuting this action. The Motion to Appoint Counsel (Doc. 8) will therefore be denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis (**Doc. 5**) is **DENIED** and within thirty (30) days from entry of this Order, Petitioner shall submit the $5.00 habeas filing fee;

**IT IS FURTHER ORDERED** that within thirty (30) of entry of this Order, Petitioner must show cause in writing why his Amended 28 U.S.C. § 2254 Petition (**Doc. 4**) should not be dismissed without prejudice for failure to exhaust state remedies.

**IT IS FINALLY ORDERED** that Petitioner's Motion to Appoint Counsel (**Doc. 8**) is **DENIED without prejudice**.

         ___/S/_____
         HON. KEA RIGGS
         UNITED STATES DISTRICT JUDGE