**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVID W. COSGRAY,

Petitioner,

v. No. 25-cv-197-KWR-JFR

STATE OF NEW MEXICO,

Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner David W. Cosgray's *pro se* Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, (Doc. 4) (Amended Petition). Petitioner challenges his state convictions for: possession of explosives or incendiary device; dangerous use of explosives; aggravated stalking; and receipt, transportation, or possession of a firearm or destructive device. The Court previously directed him to show cause why the Petition should not be dismissed for failure to exhaust state remedies. (Doc. 9). Having reviewed Petitioner's responses (Docs. 10, 12 and 13), the record of the case, and applicable law, the Court will dismiss the Amended Petition without prejudice to refiling after the exhaustion process is complete.

**BACKGROUND**[1]

On June 26, 2024, Petitioner was convicted, pursuant to a guilty plea, of the offenses of: three counts of possession of explosives or incendiary device; two counts of dangerous use of explosives; aggravated stalking; and receipt, transportation, or possession of a firearm or

[1] The background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-503-CR-2023-340. The state criminal docket is subject to judicial notice. *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

destructive device. *See* Judgment and Sentence, filed in Case No. D-503-CR-2023-340. Petitioner was sentenced to a term of thirteen years imprisonment. *Id.* On April 16, 2025, Petitioner filed a state habeas petition in Case No. D-503-CR-2023-340. On June 3, 2025, the state court entered an Amended Judgment and Sentence, clarifying that Petitioner shall serve eight years of his sentence in the custody of the New Mexico Department of Corrections, with the remainder of his sentence suspended. *See* Amended Judgment and Sentence, filed in Case No. D-503-CR-2023-340. On June 4, 2025, Petitioner withdrew his state habeas petition. *See* Notice of Withdrawal of Petition, filed in Case No. D-503-CR-2023-340. Petitioner initiated this proceeding on February 24, 2025, and filed the Amended Petition on August 11, 2025. (Docs. 1 and 4). Petitioner challenges the Amended Judgment and Sentence and the underlying plea agreement on the grounds that he was not in court for the resentencing. *See* (Doc. 4) at 5, 14.

By a Memorandum Opinion and Order entered April 30, 2026, the Court screened the Amended Petition. *See* (Doc. 9) ("Screening Ruling"). The Court noted that the Amended Petition and associated state dockets reflect that Petitioner did not present his federal claims to the New Mexico Supreme Court. (Doc. 9) at 3. The Court permitted Petitioner to show cause, if any, why his Section 2254 Petition should not be dismissed without prejudice based on the failure to exhaust state remedies. Petitioner filed three responses to the Screening Ruling (Docs. 10, 12, and 13) (Responses). The Court will consider whether the Responses are sufficient to overcome the exhaustion requirement.

**DISCUSSION**

Habeas Corpus Rule 4 requires *sua sponte* review of habeas petitions. Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's custody violates federal

law. *See* 28 U.S.C. 2241(c)(3). Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies" before obtaining relief. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *United States v. Mitchell*, 518 F.3d 740, 746, n.8 (10th Cir. 2008) ("*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition.). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present each claim to the New Mexico Supreme Court (NMSC). The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

As the Screening Ruling explains, the Petition and State docket clearly reflect Petitioner did not present his claims to the NMSC. Under each ground for relief, Petitioner checked "no" in response to many of the questions regarding exhaustion. *See* (Doc. 4) at 2-6. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms Petitioner's failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Petitioner has not filed any appeal with the NMSC. The state criminal docket further reflects that Petitioner has not initiated any appellate proceeding before the NMSC regarding this case. *See* Docket Sheet in Case No. D-503-CR-2023-340. The Screening Ruling set forth the requirements for exhaustion, including the standard for exhaustion and futility. *See* (Doc. 9) at 2-3.

Petitioners' Responses address a variety of topics, but he appears to concede he has not completed the exhaustion process with respect to Case No. D-503-CR-2023-00340. He acknowledges that he withdrew his state habeas petition, and states that he does not know why his appointed counsel did not file an appeal of his sentence for him. (Doc. 10) at 1. He further states that he has only limited access to legal resources, that he "was under the assumption that" his time for pursuing his state case had run, and that his rights were violated because he was not present for his sentencing hearing. *See id.* at 1-2, and (Doc. 13). In addition, Petitioner states he filed complaints against his state counsel and state judge. (Doc. 12).

The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar*, 490 F.3d 818. Petitioner's arguments do not show that "there is no opportunity to obtain redress in state court" or that "the corrective process available through the state courts is so clearly deficient as to render futile any effort to obtain relief." *Id.* At most, Petitioner is confused about the exhaustion process, which cannot excuse the requirements of Section 2254(b)(1). *See Herd v. Tapia*, 356 Fed. App'x 140, 143 (10th Cir. 2009) ("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust."); *Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("[I]gnorance of the [requirement to exhaust] ... neither removes fault from the petitioner nor sets him apart from any other case."). The Court therefore concludes that the Amended Petition is unexhausted, and Petitioner has not shown exhaustion would be futile. He can still re-file a state habeas petition in Case No. D-503-CR-2023-340, and, if relief is denied, a certiorari petition with the NMSC. *See State v. Sutphin*, 164

P.3d 72, 76 (N.M. 2007) (discussing state habeas relief and noting "New Mexico does not impose a statute of limitations on habeas petitioners").

In sum, the Amended Petition is subject to summary dismissal because Petitioner failed to exhaust state remedies. His show-cause Responses (Docs. 10, 11, and 12) fail to overcome this defect. The Court will dismiss the Amended Petition without prejudice to refiling. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS THEREFORE ORDERED** that Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (**Doc. 4**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

/S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE